IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INVENTOR HOLDINGS, LLC, )<br><br>Plaintiff, )<br><br>v. )<br><br>BED BATH & BEYOND INC., )<br><br>Defendant. ) | C.A. No. 14-448-GMS |

## MEMORANDUM

## I.      INTRODUCTION

Plaintiff Inventor Holdings, LLC ("IH") filed a Complaint for infringement of U.S. Patent No. 6,381,582 (the "'582 patent"), against Defendant Bed Bath & Beyond, Inc. ("BBB") on April 8, 2014. (D.I. 1.)  BBB filed its Answer on May 30, 2014. (D.I. 9.)  On February 6, 2015, BBB filed its motion for judgment on the pleadings based on invalidity of the '582 Patent under 35 U.S.C. § 101. (D.I. 40-41.)  The court invalidated the patent and dismissed the case on August 21, 2015. (D.I. 85.)  IH filed a Notice of Appeal on September 3, 2015 (D.I. 87), and the Federal Circuit affirmed without issuing an opinion on April 7, 2016.  (D.I. 100.)  Before the court is BBB's motion for attorneys' and experts' fees and costs pursuant to 35 U.S.C. § 285.  (D.I. 89.) For the following reasons, the court will grant BBB's motion in part and order IH to pay attorneys' fees and costs, but deny BBB's motion for experts' fees and costs.

## II.      BACKGROUND

On April 8, 2014, IH filed a lawsuit accusing BBB of infringing the '582 Patent.  On June 19, 2014, the Supreme Court issued its opinion in *Alice*. *Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014).  In that case, the patent at issue covered a method for exchanging financial

obligations using a computer system as a third-party intermediary and a computer-readable medium containing program code for performing the method of exchanging obligations. The Supreme Court held that the claims were "directed to a patent-ineligible concept of intermediary settlement" and "the method claims, which merely require generic computer implementation, fail to transform that abstract idea into a patent-eligible invention." *Id.* at 2350.

On August 21, 2015, the court granted BBB's motion to dismiss IH's claims on the pleadings finding that the '582 patent was invalid because the claims at issue embody an abstract idea. (D.I. 84.) The court's opinion relied on the *Alice* decision for support. (*Id.* at 5.) As the court discussed in its Memorandum, the two business problems that the patent allegedly solved were (1) offering customers more payment options in connection with remote orders and (2) processing those payments without having to provide credit card information over the Internet, phone, or mail. (*Id.* at 6.) "These two problems relate to conventional business practices, as retailers have long sought to provide their customers with convenient, flexible payment options and to protect their customers' financial information." (*Id.*) Thus, the core invention embodied by the '582 patent is a "fundamental economic [or] conventional business practice[]" and therefore an abstract idea. *See DDR Holdings, LLC V. Hotels.com*, 773 F.3d 1245, 1256 (Fed. Cir. 2014). Moreover, each of the claims of the '582 patent lack meaningful limitations on the abstract idea. (*Id.* at 7-8.) Following dismissal, BBB filed the present motion for attorneys' and experts' fees. (D.I. 88.)

## III.   STANDARD OF REVIEW

Section 285 provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. The Supreme Court recently commented on § 285 and loosened the preexisting standard for what makes a case "exceptional" in *Octane Fitness, LLC*

*v. ICON Health & Fitness, Inc.* 134 S. Ct. 1749 (2014). *See also Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (2005) (discussing the previous standard). In *Octane*, the Supreme Court imposed a rule offering broad discretion to district courts:

> We hold, then, that an "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances.

*Id.* at 1756.

The Court drew from a copyright case to present a non-exclusive list of factors for the district courts to consider, including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1756 n.6 (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)). "[A] case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id.* at 1757. The Supreme Court also rejected the "clear and convincing evidence" burden that was previously imposed. *Id.* at 1758. "[N]othing in § 285 justifies such a high standard of proof. Section 285 demands a simple discretionary inquiry; it imposes no specific evidentiary burden, much less such a high one. Indeed, patent-infringement litigation has always been governed by a preponderance of the evidence standard . . . ." *Id.*

## IV.   DISCUSSION

The parties do not dispute that BBB is a prevailing party as required by § 285. The award of attorneys' fees therefore turns on whether this case is exceptional. In light of the totality of the circumstances, the court finds that it is exceptional. *See id.* at 1756.

The court is persuaded by BBB's arguments that IH's infringement claims rested on patents whose validity are objectively invalid under current interpretations of 35 U.S.C. § 101. The court finds that the '582 Patent was dubious even before the *Alice* decision. Indeed, *Bilski v. Kappos,* was decided prior to IH filing. 561 U.S. 593 (2010). In that case, the Supreme Court held that the economic concept known as risk hedging, reduced to a mathematical formula in the patent at issue, was unpatentable as an abstract idea. *Id.* The Court wrote: "Allowing 612 petitioners to patent risk hedging would pre-empt use of this approach in all fields, and would effectively grant a monopoly over an abstract idea." *Id.* at 611-12. There is a strong argument that using a third-party intermediary to create a remote pay system is an abstract idea in light of *Bilski*. To this abstract idea, IH merely added a generic computer implementation, which under *Mayo* is insufficient to establish patentability. *See Mayo*, 132 S. Ct. at 1301 ("Simply implementing a mathematical principle on a physical machine, namely a computer, [i]s not a patentable application of that principle.")

Nonetheless, IH argues persuasively that IH's assertion of the validity of the '582 patent had some merit at the outset of litigation. First, "There exists a 'presumption that the assertion of infringement of a duly granted patent is made in good faith.'" *Taurus IP, LLC v. DaimlerChrysler Corp.,* 726 F.3d 1306, 1326-27 (Fed. Cir. 2013). Second, as IH points out, the '582 patent had already survived early motions to dismiss under Rule 12(b)(6) applying the two-part test of *Mayo*. *See Walker Digital, LLC v. Wal-Mart Stores, Inc.,* C.A. No. 1:13-cv-96-GMS (D. Del.), (D.I. 13); *Inventor Holdings, Inc. v. PayNearMe Inc.,* C.A. No. 1:13-cv-98-GMS (D. Del.), (D.I. 23).

Ultimately, however, the court concludes that by the time of the *Alice* decision, IH was on notice that its claims, much like the claims in *Bilski* and *Alice*, covered an abstract idea and that the introduction of a computer into these claims did not alter the analysis. Thus,

whatever merit IH's claims had at the outset of litigation, by the time of the *Alice* decision, the business method claims in the '582 Patent were objectively ineligible under § 101. As the order dismissing the instant case explicitly recognized, the earlier rulings on these issues are "untenable in light of *Alice* and other rulings on these issues." (D.I. 84 at 5.) The court also notes that in both of the other cases that addressed the '582 Patent, IH stipulated to dismissal with prejudice. *See Inventor Holdings, LLC v. Wal-Mart Stores, Inc.,* C.A. No. 1:13-cv-96-GMS (D. Del.), (D.I. 39); *Inventor Holdings, LLC v. PayNearMe Inc.,* C.A. No. 1:13-cv-98-GMS (D. Del.), (D.I. 48). In short, regardless of whether IH initially felt that it had a plausible claim, IH had an obligation to reevaluate its case in light of subsequent decisions. *Taurus IP v. DaimlerChrylser,* 726 F.3d. 1306 (Fed. Cir. 2013) ("[A] party cannot assert baseless infringement claims and must continually assess the soundness of pending infringement claims.").

IH contends that to agree with BBB's position would "render all software-based patents invalid, even before they are adjudicated – a conclusion that is not tenable and is inconsistent with all legal authority." (D.I. 92 at 7.) According to IH, BBB's position misreads the holding in *Alice* to be that business ideas are per se patent ineligible without applying the *Mayo* two-prong test. (*Id.*) The court disagrees. In the order dismissing the case, the court specifically applied the *Mayo* test and concluded that the '582 patent simply could not survive the two-prong test. (D.I. 84 at 5.) To say that the claims in this case objectively amounted to an abstract idea without any meaningful limitation does not amount to a per se rule that all business ideas are patent ineligible.

IH correctly points out that the mere fact that its validity arguments did not prevail does not make this an exceptional case under § 285. Indeed, "it is the 'substantive strength of the party's litigating position' that is relevant to an exceptional case determination, not the correctness or eventual success of that position." *SFA Sys. V. Newegg, Inc.*, 793 F.3d 1344. 1348 (Fed. Cir. 2015)

(quoting *Octane Fitness,* 134 S. Ct. at 1756). The case at hand is an exceptional case because following the *Alice* decision, IH's claims were objectively without merit. These facts alone (notwithstanding additional contentions BBB puts forth)[1] support a finding that the case "stands out from others" and is exceptional under § 285. *See Octane Fitness,* 134 S. Ct. at 1756. The court is convinced that an award of attorneys' fees in this case is necessary to deter wasteful litigation in the future. In light of the totality of the circumstances, the court finds this case to be exceptional and exercises its discretion to award attorneys' fees in favor of BBB, pursuant to 35 U.S.C. § 285. *See Octane Fitness,* 134 S. Ct. at 1757 (noting that a case could be exceptional if there exists "subjective bad faith" or "exceptionally meritless claims," but not necessarily both).

Having found that this is an exceptional case, the court must now consider whether the requested fees are reasonable. BBB requests attorneys' fees of $760,774.30 plus any additional expenses incurred in filing the present motion. IH objects that BBB's attorneys' fees are excessive and not supported by the evidence on multiple grounds. First, according to IH, BBB has provided no basis for its calculation. (D.I. 92 at 15-17.) BBB provided the declaration of its attorney, David Conrad, in support of the reasonableness and amount of its fees. (D.I. 89, Ex. F.) In addition, in response to IH's objections, BBB submits with its reply redacted copies of its invoices in support of its claim for attorneys' fees. (D.I. 98, Ex. B.)

Second, IH contends that BBB knew the patent-in-suit was invalid when the Supreme Court issued its *Alice* decision, but intentionally waited seven months before filing its Motion for Judgment on the Pleadings. (D.I. 92 at 17.) In other words, having brought baseless claims, IH

---

[1] BBB argues that even if the patent was valid, IH had no reason to believe the '582 Patent's claims applied to BBB's systems. (*See* D.I. 89 at 6-7.) According to BBB, the patented methods and systems require two merchants, each a third party to the other, and BBB's system does not involve any third-party merchants. BBB's construction requires that the "remote seller" be "a third-party merchant separate from the local seller." (*Id.* at 7.) The court finds it unnecessary to address whether these alleged flaws in IH's case make it exceptional.

now asks the court to penalize BBB for failing to seek their early dismissal.  The court rejects this let's blame the victim argument.

Finally, BBB asks the Court to assess experts' fees of $171,078.64, under its inherent authority.   (D.I. 89 at 10.)  As the Federal Circuit has recognized, it "is a better practice for a district court to analyze expert witness fees separately and to explain why an award of attorney fees under § 285 is insufficient to sanction the patentee[.]"  *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 921 (Fed. Cir. 2012).   Meeting the bar for sanctions under a court's inherent power is "more stringent" than the bar under § 285.  *Howlink Global*, 2015 WL 216773, at *6.  Use of this inherent authority is reserved for cases where the district court makes a "finding of fraud or bad faith whereby the 'very temple of justice has been defiled.'"  *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 23 F.3d 374, 378 (Fed.Cir.1994) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46, 111 S. Ct. 2123, 115 L.Ed.2d 27 (1991)).  BBB has made no evidentiary showing that IH's conduct in this case rises to this level.  The court will exercise its discretion to deny the motion for experts' fees.  An award of attorneys' fees is sufficient to achieve the goals envisioned by section 285.

In accordance with the court's foregoing findings, attorneys' fees will be awarded from the time that the *Alice* decision issued on June 19, 2014, an alternative proposal suggested by BBB. (D.I. 98 at 7.)  The court will defer calculating fees until BBB has resubmitted documentation to support a calculation of attorneys' fees after this date.

## V.   CONCLUSION

The totality of the circumstances supports the determination that this case is exceptional. Pursuant to 35 U.S.C. § 285, the court grants BBB's motion for attorneys' fees.  The court orders

BBB to calculate costs and fees after the date of the *Alice* decision and submit a new total of expenses incurred for approval.

Dated: May **31** , 2016

_____
UNITED STATES DISTRICT JUDGE